UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM HERNANDEZ-CRUZ,

    Plaintiff,

v.                                            Case No:   6:16-cv-1370-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Plaintiff, William Hernandez-Cruz appeals to this Court from Defendant, the Commissioner of Social Security's final decision denying his application for disability insurance benefits. I have reviewed the record, including the administrative law judge's ("ALJ") decision, the exhibits, and the joint memorandum submitted by the parties. For the following reasons, I respectfully recommend that the Commissioner's final decision be **reversed** and the case be **remanded**.

### I. Background[1]

Plaintiff was forty-two years old on his date last insured (Tr. 146). He has a general education diploma and past work experience as a mechanic (Tr. 180). He alleged a disability onset date of August 24, 2005 (Tr. 164). On April 10, 2013, Plaintiff applied for benefits under Title II of the Social Security Act, 42 U.S.C. § 423 (Tr. 146-153, 175). His claims were denied at the initial level (on May 3, 2013) and on reconsideration (on June 6, 2013) (Tr. 78-82, 88-92). At Plaintiff's request, an ALJ conducted a hearing on

---

[1] The information in this section comes from the parties' joint memorandum filed on January 25, 2017 (Doc. 13).

November 20, 2014 (Tr. 29-61, 93). The ALJ issued an unfavorable decision on January 6, 2015 (Tr. 7-28). On June 8, 2016 the Appeals Council denied Plaintiff's petition for review of the ALJ's decision (Tr. 1-4). Thus, the ALJ's decision is the Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted his administrative remedies and his case is ripe for review.

## II. The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process set out in 20 C.F.R. § 404.1520(a)(4). The evaluation process requires the ALJ to determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity from his alleged onset date through December 31, 2005 (his date last insured) (Tr. 12). At step two, the ALJ found Plaintiff severely impaired by a back disorder (Id.). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526) (Tr. 23-25). Before proceeding to step four, the ALJ decided that Plaintiff had the residual functional capacity ("RFC") to,

> [P]erform sedentary work as defined in 20 CFR 404.1567(a), except: the claimant can occasionally climb (ramps and stairs), balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds. The claimant needs to sit and stand for thirty minutes at a time secondary to back problems.

(Tr. 13-21). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work (Tr. 21). But, the ALJ concluded at step five that there were other jobs in the national economy – like final assembler and bonder – that Plaintiff could perform and therefore, he was not disabled (Tr. 22-23).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."

Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV. Discussion

Plaintiff raises a single argument on appeal. He contends that the ALJ failed to properly consider the opinion of treating physician, Dr. Martin Hasenfeld (Doc. 13 at 10-12). On July 28, 2005, Dr. Hasenfeld examined Plaintiff because of a "flare up" of his back pain (Tr. 515). Dr. Hasenfeld instructed Plaintiff to lift no more than ten pounds and to alternate between sitting and standing "as needed for comfort" (Id.). The ALJ assigned "great weight" to Dr. Hasenfeld's opinion (Tr. 20). But, in Plaintiff's RFC assessment, the ALJ limited Plaintiff to sitting and standing "for thirty minutes at a time" (Tr. 13). Plaintiff argues that the ALJ committed reversible error when he, without explanation, failed to fully incorporate Dr. Hasenfeld's opinion that he needed to sit and stand "as needed for comfort" into the RFC (Doc. 13 at 10-12).

The ALJ concluded that Plaintiff could perform sedentary work with few exertional limitations, including the need to alternate between sitting and standing (Tr. 13). Social Security Ruling 96-9P states that when there is a need for a claimant to be able to alternate sitting and standing – and that need cannot be accommodated by scheduled breaks and a lunch period – the occupational base is necessarily eroded and "[t]he RFC assessment **must be specific** as to the frequency of the individual's need to alternate sitting and standing." 1996 WL 374185, at *7 (July 2, 1996) (emphasis added). The ALJ's determination of "frequency," as with all of its other determinations, must be based on substantial evidence. See Crawford, 363 F.3d at 1158. The RFC limitation of "for 30 minutes at a time" is not based on substantial evidence.

The phrase "as needed" suggests that it is a frequency to be determined solely by the claimant based on his subjective perception of his own pain, tolerance, comfortability, etc. (i.e. "according to need").[2] Cf. Westlake v. Colvin, No. 13-CV-152-GKF-TLW, 2014 WL 3533948, at *9 (N.D. Okla. July 16, 2014) ("[A]lthough the RFC stated claimant could perform a sedentary job in which she would be required to sit no more than six hours in an eight-hour day and stand no more than six hours in an eight-hour day, the RFC did not address Dr. Field's limitation that claimant be permitted to sit or stand 'per the patient,' which this court interprets to mean 'as needed[.]'"). Logically, a claimant with a self-guided limitation such as "as needed" could sit for a longer or shorter time period based on the subjective severity of his pain at any given moment. This is very different from restricting him to being allowed to change positions *only* every thirty minutes. Shelton v. Astrue, No. 2:11-cv-107, 2012 U.S. Dist. LEXIS 19649, at *13 (E.D. Ten. Jan. 24, 2012) (Court concluded that an RFC with a "sit/stand option every 30 minutes" was inconsistent with the record physician's opinion that Plaintiff be allowed to adjust positions at will for comfort). The same is true here. The RFC which the ALJ formulated for Plaintiff is materially inconsistent with Dr. Hasenfield's opinion, which the ALJ gave "great weight." For this reason, I respectfully recommend the district judge reverse the ALJ's decision and remand the case back to the Commissioner.

### V. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Commissioner's final decision be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

---

[2] http://www.webster-dictionary.org/definition/as%20needed

    2. The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

    3. Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

    4. Plaintiff be directed that upon receipt of such notice, she shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

## VI. Notice To Parties

    A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

    **RESPECTFULLY RECOMMENDED** in Orlando, Florida on February 15, 2017.

                                                          THOMAS B. SMITH
                                                          United States Magistrate Judge

Copies furnished to:

    Presiding District Judge
    Counsel of Record