UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM HERNANDEZ-CRUZ,

    Plaintiff,

v.                                           Case No: 6:16-cv-1370-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Uncontested Motion for Attorney's Fees (Doc. 17). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees **in the amount of $2,601.03.**[1] The schedule of hours attached to the petition confirms the attorneys' billable hours expended on the case (Id. at 11-12). Plaintiff also seeks recovery of costs **in the amount of $400.00** for the filing fee, payable out of the judgment fund administered by the United States Department of Treasury (Id. at 1).

Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents that the Commissioner has no objection to the petition for fees and costs (Id. at 3). Plaintiff asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that his net worth at the time proceeding was filed was less than two million dollars.[2] (Id. at 2, 5-8).

---

[1] Plaintiff's fee amount is calculated at the rate of $192.67 per hour (Doc. 17 at 2).

[2] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a

On February 15, 2017, I entered a Report and Recommendation recommending that the ALJ's decision be reversed and remanded (Doc. 14). On April 24, 2017, the district judge adopted the Report and Recommendation in its entirety and the Clerk entered judgment the next day (Docs. 15 and 16). Plaintiff filed his application for attorneys' fees on June 1, 2017 (Doc. 17).

Plaintiff attached a copy of his fee agreement, which includes his assignment of EAJA fees to his counsel (Doc. 17-1). In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the EAJA, the undersigned respectfully recommends that the district judge **GRANT** Plaintiff's uncontested motion for attorneys' fees (Doc. 17), and award Plaintiff attorneys' fees in the amount of **$2,601.03.** I also recommend Plaintiff be reimbursed for costs in the amount of $400.00 for the filing fee, to be paid out of the judgment fund. It is further recommended that the district court authorize payment to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

---

prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on June 5, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record